W. S. JONES V. TEXAS & NEW ORLEANS RAILROAD COMPANY.

Decided January 11, 1900.

**1.  Damages—Mental Suffering—Breach of Contract.**

Mental anguish resulting from breach of contract is not an element of damages recoverable, unless the facts enabling the defendant to anticipate such result were known to him when making the contract—as the unprotected condition of the family of a plaintiff detained from them by failure of a railroad train to stop at a station.

**2.  Harmless Error—Jurisdiction as to Amount.**

Error in sustaining exception to an item of fifteen dollars damages is immaterial where, exception to the other damage claimed being properly sustained, the court (district) was left without jurisdiction, through insufficiency of the amount properly alleged.

APPEAL from Liberty.  Tried below before Hon. L. B. HIGHTOWER.

*Stevens & Marshall,* for appellant.

*Baker, Botts, Baker & Lovett* and *Greer & Chester,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was instituted to recover damages for mental anguish, and for the loss of one day's time, alleged to have been the proximate result of the breach by appellee of a contract of carriage entered into with appellant.  The petition states the cause of action as follows: "That on November 25, 1898, plaintiff was in the town of Crosby, which is a station on the defendant's road, and being desirous of going to Liberty, which is a station on defendant's road, where plaintiff resided with his family, for the purpose of being with his family on the night of November 25th, and for the purpose of transacting certain business on the 26th day of November, 1898, approached defendant's station agent at Crosby and informed him, the said agent, that he wished to go to Liberty on said evening; that said agent then and there informed plaintiff that he could take the defendant's certain passenger train for Liberty on said evening. Whereupon plaintiff purchased a passenger's ticket from said agent, paying therefor the sum of 65 cents, which entitled him to passage on said train over defendant's road on said evening from the said Crosby to Liberty.  And plaintiff says that said train, although it did pass through Crosby over defendant's road on said evening bound for Liberty, did not stop at Crosby for plaintiff, and that said agent negligently and carelessly failed to have said train to stop for plaintiff, whereby plaintiff was forced to remain all night during the night of November 25, 1898, in Crosby; that by reason of being compelled to remain away from his family during said night, which said family were expecting him, as he had told them that he would be with them on said train, and were in need of plaintiff's presence for protection, being alone and having no one to protect them for said night, and

were in dangerous and exposed situation and condition to pass said night alone; and that plaintiff, knowing the condition his said family would be left in on account of his enforced absence, caused by the careless and negligent failure of said train to stop for him as aforesaid, was greatly damaged by reason thereof, and suffered great mental anxiety and distress on account of being compelled to remain away from his family during said night, to his damage in the sum of $2500."

To this petition the defendant filed the following exceptions: "Defendant especially excepts to all that portion of plaintiff's petition which alleges that he told his family that he would return to them in Liberty on said evening by defendant's train; that his family expected him to return that evening; that they had no one to protect them but plaintiff during the night, and that his family was in a dangerous and exposed situation, and the damage that he suffered therefrom on account of mental anxiety, distress, and worry; (a) because it affords no basis for recovery of damages by plaintiff; (b) the same is too remote to form a basis of recovery herein; and (c) the petition does not disclose that the defendant was put on notice of this fact, and that the same was, or could have been, within the contemplation of the contracting parties at the time of the purchase and sale of said ticket, and of this it prays judgment of the court."

All of these exceptions were sustained by the trial court, and appellant declining to amend his petition, the suit was dismissed, from which action and judgment of the trial court this appeal is prosecuted. Appellant by his first and fifth assignments of error challenges the correctness of the judgment of the lower court in sustaining the exceptions to the petition, and contends that under the rule laid down in the case of Railway v. Armstrong, 51 Southwestern Reporter, 835, and the cases there cited, the petition alleged a good cause of action against appellee. In this contention we do not concur. While our courts seem not to have applied the doctrine that damages for mental anguish unaccompanied by physical injury or injury to property can not be recovered, to cases arising from a breach of contract, they have uniformly held that only such damages may be recovered as were reasonably within the contemplation of the parties at the time the contract was entered into; and if in this case appellant could recover damages at all for mental suffering caused by being separated from his family by the negligence of appellee's agent, he could only do so by alleging and proving that the facts as to his family and their condition, and his anxiety to be with them, were known to defendant's agent at the time he purchased the ticket. Palace Car Co. v. McDonald, 2 Texas Civ. App., 322.

The remaining assignments of error are predicated upon the action of the court in sustaining appellee's exceptions to that portion of the petition which alleges that appellee failed to stop its train at Crosby on the morning of November 26th and take appellant to Liberty, he being at that time in possession of the ticket purchased the evening before, and thereby causing appellant to lose a day's time, to his damage in the

sum of fifteen dollars. We think the allegations of the petition as to this item of damage are sufficient; but the exceptions to the allegation as to damages for mental anguish having been properly sustained, and appellant having declined to amend his petition, the court was without jurisdiction to try the case on the claim for fifteen dollars damages, and the suit was properly dismissed.

Finding no reversible error in the judgment of the lower court, it is affirmed.

*Affirmed.*

Writ of error refused.